# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>YMCA OF MCHENRY COUNTY,<br><br>    Debtor. | Chapter 11<br>Case No.: 11-80295<br>Honorable Manuel Barbosa<br>Hearing Date: April 27, 2011<br>Hearing Time: 10:30 a.m. |

## NOTICE OF APPLICATION

PLEASE TAKE NOTICE that on April 27, 2011, at 10:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Manuel Barbosa or any other judge sitting in his stead, in courtroom 115, 211 South Court Street, Rockford, Illinois, and shall then and there present the Final Application of Duane Morris LLP for Allowance of Compensation and Reimbursement of Expenses, a copy of which is hereby served upon you.

Dated: April 4, 2011

Respectfully Submitted,

**DUANE MORRIS LLP,**

By: /s/ Matthew A. Olins
    One of its Attorneys
Rosanne Ciambrone (A.R.D.C. #6199456)
Matthew A. Olins (A.R.D.C. #6275636)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois  60603
Telephone:  (312) 499.6700
Facsimile:  (312)  499.6701
Email: maolins@duanemorris.com

*Counsel For The Debtor and Debtor-In-Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| YMCA OF MCHENRY COUNTY, | Case No.: 11-80295 |
| Debtor. | Honorable Manuel Barbosa |

**COVER SHEET TO FINAL APPLICATION OF DUANE MORRIS LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Duane Morris LLP |
| Authorized to Provide Professional Services to: | Debtor and Debtor-in-Possession |
| Date of Order Authorizing Employment: | March 2, 2011 (effective January 26, 2011) |
| Period for which Compensation and Reimbursement is Sought: | From January 26, 2011 through April 27, 2011 |
| Amount of Final Fees sought: | $161,574.57 |
| Amount of Final Expense Reimbursement sought: | $4,372.46 |
| This is a(n): | _____ Interim Application   __X__ Final Application |
| Prior Interim Fee Applications and amounts awarded thereunder: | None |

Dated: April 4, 2011

Respectfully Submitted,

**DUANE MORRIS LLP,**
By: /s/ Matthew A. Olins
Rosanne Ciambrone (A.R.D.C. #6199456)
Matthew A. Olins (A.R.D.C. #6275636)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone: (312) 499.6700
Facsimile: (312) 499.6701
Email: maolins@duanemorris.com
*Counsel For The Debtor and Debtor-In-Possession*

DM3\1738653.1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| YMCA OF MCHENRY COUNTY, | Case No.: 11-80295 |
| Debtor. | Honorable Manuel Barbosa |

**FINAL APPLICATION OF DUANE MORRIS LLP FOR**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Duane Morris LLP ("*Duane Morris*"), counsel for YMCA of McHenry County (the "*Debtor*"), submits this Final Application (this "*Application*") for allowance of compensation for services rendered to the Debtor and reimbursement of expenses incurred in connection therewith. In support of this Application, Duane Morris respectfully states as follows:

**INTRODUCTION**

1. By this Application, Duane Morris seeks final allowance, approval, and payment, of its fees for professional services rendered to the Debtor during the time period of January 26, 2011 through April 27, 2011 (the "*Application Period*") in the amount of $161,574.57. Also pursuant to this Application, Duane Morris seeks final allowance, approval and payment of reimbursement of expenses incurred by Duane Morris during the Application Period in the amount of $4,372.46.

**JURISDICTION**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is made pursuant to section 330 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

**BACKGROUND**

3.  The Debtor is a recognized member of the National Council of Young Men's Christian Associations of the United States of America, which is also known as the YMCA of the USA.  Prior to the sale of substantially all of its assets described below, it owned and operated a community YMCA facility in Crystal Lake, Illinois, providing programs and services in the areas of youth development, healthy living and social responsibility.  Further information concerning the Debtor's history can be found in the Debtor's "first day" motions at Docket Nos. 4-6.

4.  On January 26, 2011 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in the Debtor's chapter 11 bankruptcy case (the "*Chapter 11 Case*").

5.  On February 23, 2011, the Debtor filed its Application to Retain and Employ Duane Morris as Counsel (the "*Employment Application*").  On March 2, 2011, the Court entered its Order Authorizing the Retention and Employment of Duane Morris LLP as Counsel for the Debtor, which Order was effective as of the Petition Date.

6.  On March 2, 2011, this Court entered its Order Authorizing and Approving (I) the Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims and Encumbrances, and (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "*Sale Order*"), which, *inter alia*, authorized the sale of substantially all of the Debtor's assets (the "*Sale*") to The Young Men's Christian Association of Chicago (the "*Purchaser*").  On March 17, 2011, the Sale closed, and the Debtor transferred substantially all of its assets to the

Purchaser pursuant to the terms of the Sale Order and the Asset Purchase Agreement approved thereby.

7.  Contemporaneous with the filing of this Application, the Debtor will file a motion to convert this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

**SUCCESS OF BANKRUPTCY CASE AND
GENERAL DESCRIPTION OF SERVICES RENDERED**

8.  In fewer than two months after filing the Chapter 11 Case, Duane Morris facilitated the Sale. Duane Morris obtained Court approval of sales procedures for the Sale, obtained final Court approval of the Sale, and represented the Debtor in the closing of the Sale. On account of the Sale, there will be a continued YMCA presence in McHenry County, and proceeds available for distribution.

9.  Duane Morris filed and obtained Court approval for the Debtor's "first day" motions necessary for postpetition operations and a seamless transition between pre-Petition Date and post-Petition Date business operations. Duane Morris also negotiated and obtained Court approval of the Debtor's debtor-in-possession financing facility, which allowed the Debtor to continue operations pending the closing of the Sale.

10. Since the Petition Date, Duane Morris has assisted the Debtor with its obligations as Debtor-in-possession, including timely filing its Schedules of Assets and Liabilities and Statement of Financial Affairs, filing the Debtor's required reporting, attending the meeting of creditors, responding to inquiries from creditors, rejecting leases and other contracts relating to Camp Algonquin (which was not sold to the purchaser), and advising the Debtor concerning its obligations to employees and post-petition operations.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

11. In connection with its engagement as counsel for the Debtor, and in accordance with its internal billing procedures, Duane Morris established the following task codes relating to various subject matter categories (collectively, the "*Categories*" and each a "*Category*") of work performed by Duane Morris's professionals in connection with the Chapter 11 Case:

| CATEGORY | DESCRIPTION |
| --- | --- |
| B110 | Case Administration |
| B130 | Asset Disposition |
| B140 | Relief from Stay / Adequate Protection Proceedings |
| B150 | Meetings and Communications with Creditors |
| B160 | Fee / Employment Application |
| B185 | Assumption / Rejection of Leases and Contracts |
| B195 | Non-Working Travel |
| B220 | Employee Benefits / Pensions |
| B230 | Financing / Cash Collateral |
| B310 | Claims Administration and Objections |

12. Duane Morris has voluntary agreed to reduce its fees charged to the Debtor by 5%.

13. During the Application Period, and in connection with the various and complex issues involved in the administration of the Chapter 11 Case, Duane Morris expended time and rendered services to the Debtor that were both necessary and beneficial to the Debtor and its estate, creditors and other parties-in-interest. The total amount of fees sought by Duane Morris during the Application Period is $161,574.57.[1] A summary of the total fees incurred, including hourly rates and total hours expended during the Application Period per professional and paraprofessional, is attached hereto as Exhibit A, and is fully incorporated herein for all purposes. Duane Morris's professionals performed work and billed time for each of the Categories as set

---

[1] This amount includes five hours of fees at $427.50 an hour for a total of $2,137.50 that Duane Morris anticipates incurring preparing and presenting this Application and addressing the other matters after the invoices attached hereto are finalized.

forth below and as shown in the attached Exhibit B. In further support of the Application, invoices containing a more detailed and itemized description of the services provided by Duane Morris for each of the Categories are attached as Exhibit D,[2] and invoices containing a more detailed and itemized description of the expenses incurred by Duane Morris are attached as Exhibit E. The following is a detailed description of each Category:

**A.     Case Administration (Category B110)**

14.     Time in this Category included various tasks necessary for the administration of the Chapter 11 Case, including finalizing and filing the Debtor's bankruptcy Petition, "first day" motions, and other initial filing documents, preparing the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, working on creditor lists, utility issues, communications with the United States Trustee, reporting requirements, updates to the Debtor's Schedules of Assets and Liabilities, preparation of the motion to convert the Chapter 11 Case, and other general tasks. In connection with Category B110, Duane Morris expended approximately 61.00 hours for a total of $30,085.00 (prior to 5% rate reduction).

**B.     Asset Disposition (Category B130)**

15.     Time in this Category included work relating to the Sale, which included work relating to the necessary Court approval of the Sale, providing notice of the Sale, amending the Asset Purchase Agreement, transfer of the property, and the numerous tasks involved in closing the Sale. In connection with Category B130, Duane Morris expended approximately 91.90 hours for a total of $45,073.50 (prior to 5% rate reduction).

---

[2]     The invoices attached as Exhibit D show rates and amounts prior to the 5% fee reduction that Duane Morris has agreed to make.

### C. Relief from Stay / Adequate Protection Proceedings (Category B140)

16. Time in this Category included work relating to the motion to lift the stay filed by Leonard Avant, which included analyzing the issues involved, negotiations with the movant, calls with insurance counsel, and the telephonic appearance on the motion. In connection with Category B140, Duane Morris expended approximately 6.80 hours for a total of $3,060.00 (prior to 5% rate reduction).

### D. Meetings and Communications with Creditors (Category B150)

17. Time spent in this Category included responding to inquiries and requests for information from creditors and other parties concerning, among other things, the Chapter 11 Case, the Debtor's operations, the status of the Debtor, camp reservations, claims, and contract and sale issues. In connection with Category B150, Duane Morris expended approximately 25.00 hours for a total of $12,168.00 (prior to 5% rate reduction).

### E. Fee / Employment Application (Category B160)

18. Time spent in this Category included preparing and presenting the Debtor's Application to Retain and Employ Duane Morris and preparing this Application. In connection with Category B160, Duane Morris expended approximately 45.20 hours for a total of $20,969.00 (prior to 5% rate reduction). Of this amount, approximately $8,626.00 ($8,194.70 with the 5% rate reduction) was incurred in connection with Duane Morris's retention and approximately $12,343.00 ($11,725.85) was incurred in connection with the preparation of this Application.

### F. Assumption / Rejection of Leases and Contracts (Category B185)

19. Time spent in this Category included addressing issues relating to the assumption and assignment of leases and contracts in connection with the Sale and preparing and presenting the motion to reject the leases and contracts associated with Camp Algonquin that were not

assigned to the Purchaser. In connection with Category B185, Duane Morris expended approximately 18.10 hours for a total of $9,879.00 (prior to 5% rate reduction).

### G. Non-Working Travel (Category B195)

20. Time spent in this Category included time spent traveling to and from Rockford for hearings and the meeting of creditors. In connection with Category B190, Duane Morris expended approximately 19.40 hours for a total of $9,240.00 (prior to 5% rate reduction). Duane Morris has agreed to reduce its compensation request in this category by 50% (after reducing it by 5%) for a reduced total of $4,389.00.

### H. Employee Benefits / Pensions (Category B220)

21. Time spent in this Category included analyzing and advising the Debtor with respect to its legal obligations to its employees in connection with terminations and benefits, and the preparation of notices to employees. In connection with Category B210, Duane Morris expended approximately 26.50 hours for a total of $12,899.00 (prior to 5% rate reduction).

### I. Financing / Cash Collateral (Category B230)

22. Time spent in this Category included analyzing and negotiating the Debtor's debtor-in-possession financing facility, analyzing the Debtor's cash needs, negotiations with the Debtor's DIP lender, preparing the interim and final orders that set forth the terms of the facility, preparing the budgets in connection with the facility, preparing the motion for the facility's approval and ensuring its compliance with the Bankruptcy Rules and Local Rules of this Court, preparing the certificate of emergency in connection with the motion for approval, preparing the notice of final hearing, and attending the two hearings on the facility's approval. In connection with Category B230, Duane Morris expended approximately 54.60 hours for a total of $26,746.00 (prior to 5% rate reduction).

**J.      Claims Administration and Objections (Category B310)**

23.     Time spent in this Category included reviewing and analyzing certain claims against the Debtor. In connection with Category B310, Duane Morris expended approximately 5.10 hours for a total of $2,329.00 (prior to 5% rate reduction).

## EXPLANATION OF EXPENSES

24.     The out-of-pocket expenses incurred by Duane Morris during the Application Period total $4,372.46, and are summarized in Exhibit C and detailed in Exhibit E, which contain a summary of the out-of-pocket expenses incurred and an itemization of those out-of-pocket expenses.[3] Expenses for court costs and courier services are billed at actual cost. In-house copy charges are billed at $0.10 per page. Duane Morris does not charge for long distance telephone charges. No request is made for reimbursement of standard overhead expenses or any charges related to searches or document retrieval on the CM/ECF PACER system.

25.     In addition, since the filing of this Chapter 11 Case, Duane Morris has voluntarily written off certain out-of-pocket expenses including secretarial overtime, local travel expenses, and local meals for working late.

## PAYMENT

26.     Duane Morris proposes that the source of payment for the fees and expense reimbursement awarded pursuant to order on this Application shall first be from the remainder of the retainer (the "*Retainer*") paid by the Debtor to Duane Morris prior to the Petition Date in the amount of $57,303.34 that Duane Morris holds. Duane Morris requests authorization to apply the Retainer in partial payment of its compensation and expenses allowed and approved in this

---

[3] In addition to the amounts set forth in Exhibits C and E, Duane Morris has included an extra $335.60, which it anticipates incurring in connection with serving notice of this Application and the motion to convert this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

Application.  Duane Morris requests that the Debtor be authorized to pay the balance of Duane Morris's compensation and expenses allowed and approved in this Application after Duane Morris applies the Retainer.

27. No agreement or understanding exists between Duane Morris and any other person for sharing of compensation which has been or will be received, except such sharing as is customary and generally accepted among attorneys within a law firm.  No post-petition payments have been made or promised to Duane Morris in connection with the Chapter 11 Case.

## BASIS FOR ALLOWANCE OF COMPENSATION AND EXPENSES

28. Section 330 of the Bankruptcy Code provides that a court may award to a professional person, including counsel for a debtor, reasonable compensation for actual, necessary services.  *See* 11 U.S.C. § 330(a)(1)(A).  In determining the amount of reasonable compensation to award, a court shall consider the nature, extent, and value of services, taking into account all relevant factors, including (a) the time spent, (b) rates charged, (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, the case, (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, (e) whether the professional is board certified or has otherwise demonstrated skill and experience in the bankruptcy field, and (f) whether the compensation is reasonable based on customary charges of comparable practitioners in other bankruptcy cases.  *See* 11 U.S.C. § 330(a)(3).

29. Duane Morris submits that the fees and expenses incurred in the Application Period were reasonable and necessary, and should be allowed in their entirety.  As set forth in the summary of the hours worked and fees incurred during the Application Period attached hereto as

<u>Exhibit B</u> and the invoices attached as <u>Exhibit D</u> to this Application, the time spent by Duane Morris personnel was reasonable, particularly in light of the accomplishments achieved by Duane Morris on behalf of the Debtor and the speed in which such accomplishments were achieved.  Additionally, Duane Morris used specialists in certain areas of law, such as real estate, employee benefits, and tax, which enabled Duane Morris to maximize efficiency.

30. The rates charged by Duane Morris personnel were discounted by 5% from their "preferred" hourly rates.  Duane Morris's "preferred" hourly rates are already discounted from Duane Morris's "national standard" rates, which rates are comparable to other law firms of Duane Morris's size.  The services performed by Duane Morris were necessary and beneficial to the Chapter 11 Case, and the time expended was commensurate with the complexity, importance and nature of the issues and tasks addressed.  Additionally, Duane Morris's bankruptcy attorneys are experienced and skilled in the field of bankruptcy law.

31. In connection with the reimbursement of expenses, and in accordance with Duane Morris's policy for non-bankruptcy clients, Duane Morris charged the actual cost of expenses paid by Duane Morris, without any enhancement or other administrative charge.  Accordingly, Duane Morris submits that the expenses it incurred were actual expenses and were necessarily incurred in connection with Duane Morris's rendition of legal services to the Debtor in this Chapter 11 Case.

WHEREFORE, Duane Morris respectfully requests that the Court enter an order in the form of the proposed order attached hereto: (a) granting final allowance and payment of Duane Morris's fees in the amount of $161,574.57 for the Application Period; (b) granting final allowance and payment of Duane Morris's actual and necessary expenses incurred in connection with the services rendered during the Application Period in the amount of $4,372.46; (c)

authorizing Duane Morris to apply its Retainer in partial payment of its compensation and expenses allowed and approved in this Application; (d) authorizing the Debtor to pay the balance of Duane Morris's compensation and expenses allowed and approved in this Application after Duane Morris applies the Retainer; and (e) granting such other and further relief to which Duane Morris may be entitled.

Dated: April 4, 2011                                Respectfully Submitted,

                                        **DUANE MORRIS LLP,**

                                        By: /s/ Matthew A. Olins

Rosanne Ciambrone (A.R.D.C. #6199456)
Matthew A. Olins (A.R.D.C. #6275636)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone: (312) 499.6700
Facsimile: (312) 499.6701
Email: maolins@duanemorris.com

*Counsel For The Debtor and Debtor-In-Possession*